```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


RANDELL GLEN LAWS,              §
TDCJ-CID #1256902,              §
                                §
          Plaintiff,            §
                                §
v.                              §   CIVIL ACTION NO. H-05-2969
                                §
179TH DISTRICT COURT OF         §
HARRIS COUNTY, TEXAS,           §
                                §
          Defendant.            §
```

## MEMORANDUM OPINION AND ORDER

Randell Glen Laws, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights suit against the 179th State District Court of Harris County, Texas, seeking a discharge of a criminal sentence and release from prison. Having examined the pleadings in this action, the pleadings in a prior habeas action filed by Laws in the United States District Court for the Southern District of Texas, and the state court records concerning the state criminal conviction challenged in this action, this court concludes that this action should be dismissed as frivolous.

### I.  Claims and Allegations

Laws claims that the state district court violated his civil and constitutional right to a speedy trial.  He alleges that he was arrested on September 3, 2002, and was charged with murder.  He further alleges that he appeared in court with his attorney on September 18, 2002, and demanded a speedy trial.  An indictment was not returned until December 2, 2002.  Laws asserts that the trial court took more than eight months before ruling on and granting his motion for a speedy trial.  He complains that despite his opposition the court granted various continuances that unjustifiably extended the proceedings for two years.

Laws contends that the delays violated his rights under the Sixth Amendment of the United States Constitution, the Federal Speedy Trial Act, and Articles One and Ten of the Texas State Constitution.  (Docket Entry No. 4, page 3)  He seeks a summary discharge of the sentence imposed, an immediate release, and an expunction of all records pertaining to him.  (Docket Entry No. 10, page 3)

### II.  Analysis

Laws' challenge to the validity of his incarceration cannot be pursued through a § 1983 action; it is cognizable only in a habeas corpus proceeding.  Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994), citing Preiser v. Rodriguez, 93 S.Ct. 1827, 1841 (1973).

Assuming that a habeas action would not be barred as successive under 28 U.S.C. § 2244(b) or time-barred under 28 U.S.C. § 2244(d), Laws can only file a petition for a writ of habeas corpus in federal court if he has exhausted all available state remedies regarding all of his claims.  28 U.S.C. § 2254(b); see Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).  Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or in an application for a writ of habeas corpus.  Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In his pleadings Laws refers to a previously filed federal petition for habeas corpus.  Laws v. 179th District Court of Harris County, Texas, No. H-04-1168 (S.D. Tex. Dec. 20, 2004) (habeas petition challenging murder conviction, cause number 922945, re-indictment number 993419).  The court dismissed that petition after finding that the claims were unexhausted.  Id.  In the current action this court conducted an internet search of the available state court records and found that there was a pending criminal appeal in the Court of Appeals for the First District of Texas concerning cause number 993419.  Laws v. State, No. 01-04-00847-CR (Tex. App. -- Houston [1st Dist.] filed Aug. 6, 2004).  See http://www.1stcoa.courts.state.tx.us/.  This court also confirmed by telephone with the First Court of Appeals that the appeal is still pending and is set for submission on January 17, 2006.

Laws has been previously advised that he must present his claims to the state's highest court in a procedurally correct manner. (No. H-04-1168, Docket Entry No. 21, page 3)  Consequently, he must wait for a decision from the First Court of Appeals and then seek a determination from the Texas Court of Criminal Appeals before filing a petition for a writ of habeas corpus in the federal courts.  See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Myers, 919 F.2d at 1076.

Because Laws has not shown that he has properly brought all of his claims before the Court of Criminal Appeals, they cannot now be considered in federal court.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

This prisoner action will be dismissed as frivolous because it lacks an arguable basis in law.  28 U.S.C. § 1915(e)(2); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995). However, this dismissal will be without prejudice to Laws' seeking federal habeas relief after his state remedies have been exhausted. McGrew, at 161.

### III.  Application to Proceed In Forma Pauperis

Laws' Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.  However, Laws is obligated to pay the entire filing fee ($250.00) under 28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund shall deduct 20% of each deposit made to Laws'

inmate account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

### IV.  Other Pending Motions

Laws has filed a motion for issuance of a bench warrant (Docket Entry No. 3), which will be denied as moot.  He has filed a motion for discharge based on a violation of his speedy trial rights (Docket Entry No. 4), which will be denied for non-exhaustion as stated in this Memorandum Opinion and Order.  Laws has also filed a motion to deny extensions to the respondent (Docket Entry No. 6) and a motion for appointment of proxy to receive his legal mail concerning this action (Docket Entry No. 7), both of which will be denied as moot.

### V.  Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED.**

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3. All other pending motions (Docket Entry Nos. 3, 4, 6, and 7) are **DENIED.**

4. This cause of action, filed by Inmate Randell Glen Laws, TDCJ-CID #1256902, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

5.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 11th day of January, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE